```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
PEDIO VAIGASI,                       :
                    Plaintiff,       :    11 Civ. 5088 (RMB)(HBP)
       -against-                     :    OPINION
                                          AND ORDER
SOLOW MANAGEMENT CORP., et al.,      :
                    Defendants.      :
-------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/5/17

PITMAN, United States Magistrate Judge:

## I. Introduction

By Opinion and Order dated February 16, 2016 (D.I. 302 ("Opinion and Order")), I imposed sanctions on plaintiff as a result of his misconduct during discovery and his failure to comply with at least two discovery orders. I ordered, in part, that plaintiff was required to pay the reasonable attorneys' fees defendants incurred in addressing the motions resolved in the Opinion and Order; those motions were plaintiff's motion to compel and defendants' motions for a protective order and for sanctions. I ordered defendants to submit an affidavit or affirmation, accompanied by contemporaneous time records, establishing the legal fees they incurred in addressing the motions resolved by the Opinion and Order and in opposing plaintiff's

motion to compel. Defendants have made the required submissions. For the reasons set forth below, defendants are entitled to recover attorneys' fees in the amount of $61,605.25.

II. Facts

The facts that give rise to this action and the discovery dispute that led to the instant application are set forth in detail in the Opinion and Order. I recite the facts here only to the extent necessary for an understanding of the dispute before me.

In 2015, the parties filed three pertinent discovery motions. First, plaintiff moved to compel defendants to produce documents and electronically stored information in response to his second request for the production of documents ("Second Request for Documents"). Second, defendants moved for a protective order relieving defendants of the obligation of responding to plaintiff's Second Request for Documents and notice of depositions. Third, defendants moved for sanctions.

In my Opinion and Order, I denied plaintiff's motion to compel. The motion suffered from numerous procedural defects, including a failure to meet and confer with defendants in good faith (Opinion and Order, at 25-30). Additionally, the underlying document requests were irrelevant, disproportionate to the

claims remaining in the case, overbroad and unduly burdensome (Opinion and Order, at 30-44). Moreover, plaintiff offered nothing to support his contention that defendants' document production was incomplete other than his personal opinion that there had to be additional non-privileged documents (Opinion and Order, at 44-45). Relatedly, I granted defendants' motion for a protective order relieving them of the obligation of responding to plaintiffs' Second Request for Documents (Opinion and Order, at 45).

I also granted in part defendants' motion for a protective order with respect to a notice of depositions that plaintiff served, seeking the depositions of ten individuals on the same day. Balancing plaintiff's conduct, on the one hand, and defendants' factual showing and the policy in this Circuit of resolving litigation on the merits, on the other hand, I ordered that within 30 days of the date of the Opinion and Order, plaintiff could conduct the depositions of two witnesses of his choice (other than Sheldon or Stefan Solow), each deposition to be limited to a maximum of four hours (Opinion and Order, at 45-50). I also conditionally granted a protective order precluding the depositions of Sheldon and Stefan Solow, provided that defendants submitted affidavits or declarations from the Solows confirming their positions in Solow Management Corp., Solow Realty & Devel-

opment Company LLC and their related entities and confirming that they had no knowledge concerning the events underlying plaintiff's claims apart from what they may have learned from counsel (Opinion and Order, at 49-50).

Finally, I granted defendants' motion for sanctions. First, I found that plaintiff's Second Request for Documents was unquestionably prepared and served in bad faith and in a conscious effort to impose an unreasonable burden on defendants (Opinion and Order, at 56-59). Second, I found that plaintiff violated at least two of my discovery orders (Opinion and Order, at 60-61). Third, I found that plaintiff engaged in other obstructive behavior throughout the course of the litigation and that the behavior was "so far beyond the bounds of reason, that the inference of plaintiff's bad faith [was] overwhelming" (Opinion and Order, at 61-63). Accordingly, balancing the relevant factors in determining an appropriate sanction, I concluded, inter alia, that plaintiff was required to pay the reasonable attorneys' fees defendants incurred in addressing the motions resolved in the Opinion and Order (Opinion and Order, at 72).

Defendants timely submitted a declaration and contemporaneous time records establishing the legal fees they incurred in preparing the motions resolved by the Opinion and Order and in

4

opposing plaintiff's motion to compel; they seek attorneys' fees in the total amount of $114,025.00 (Declaration of Melissa D. Hill, Esq., dated Mar. 1, 2016 ("Hill Decl.") ¶ 6).

Plaintiff was required to submit any response or opposition to the amount of fees sought by defendants within 14 days of defendants' submission (Opinion and Order, at 72). Plaintiff requested an extension of time to comply with the Opinion and Order, and I granted him until April 18, 2016 to submit his response or opposition (Endorsement, dated Mar. 7, 2016 (D.I. 308)). Approximately two weeks later, plaintiff requested another extension of time, which I denied for lack of good cause shown (Order, dated Mar. 21, 2016 (D.I. 312)). It was not until May 25, 2016, more than a month late, that plaintiff filed his response to the amount of fees defendants sought. Plaintiff also submitted a declaration from Steven A. Morelli, an attorney whom plaintiff had newly retained.[1]

---

[1] Because plaintiff submitted his response more than a month late without justification, together with his history of non-compliance with my discovery orders, I shall not consider his response in deciding the amount of fees to award defendants. Although my analysis happens to coincide with points raised by Mr. Morelli, that is a result of my independent analysis of defendants' time records.

III. Analysis

   A. Applicable Principles

Whether an attorneys' fee award is reasonable is within the discretion of the court. Melgadejo v. S & D Fruits & Vegetables Inc., 12 Civ. 6852 (RA)(HBP), 2015 WL 10353140 at *23 (S.D.N.Y. Oct. 23, 2015) (Pitman, M.J.) (Report & Recommendation), adopted by, 2016 WL 554843 (S.D.N.Y. Feb. 9, 2016) (Abrams, D.J.). The party seeking fees bears the burden of establishing that the hourly rates and the number of hours for which compensation is sought are reasonable. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); accord Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994).

In determining the amount of reasonable attorneys' fees, "[b]oth [the Second Circuit] and the Supreme Court have held that the lodestar -- the product of a reasonable hourly rate and the reasonable number of hours required by the case -- creates a 'presumptively reasonable fee.'" Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011), quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 183 (2d Cir. 2008). The hourly rates used in determining a fee award should be "what a reasonable, paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood

6

Ass'n v. County of Albany, supra, 522 F.3d at 184.  This rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).  "[C]ourts should generally use 'the hourly rates employed in the district in which the reviewing court sits' in calculating the presumptively reasonable fee."  Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, supra, 522 F.3d at 192, quoting In re "Agent Orange" Prods. Liab. Litig., 818 F.2d 226, 232 (2d Cir. 1987).  In so doing, the court is free to rely on its own familiarity with the prevailing rates in the district.  See Miele v. New York State Teamsters Conference Pension & Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987).

The Honorable Loretta A. Preska, United States District Judge, has summarized the factors to be considered in assessing the reasonableness of the hours claimed in a fee application:

> To assess the reasonableness of the time expended by an attorney, the court must look first to the time and work as they are documented by the attorney's records.  See Forschner Group, Inc. v. Arrow Trading Co., Inc., No. 92 Civ. 6953 (LAP), 1998 WL 879710, at *2 (S.D.N.Y. Dec. 15, 1998).  Next the court looks to "its own familiarity with the case and its experience generally . . . .  Because attorneys' fees are dependent on the unique facts of each case, the resolution of the issue is committed to the discretion of the district court."  AFP Imaging Corp. v. Phillips Medizin Sys., No. 92 Civ. 6211 (LMM), 1994 WL 698322, at *1 (S.D.N.Y. Dec. 13, 1994) (quoting Clarke v. Frank, 960 F.2d 1146,

7

1153 (2d Cir. 1992) (quoting DiFilippo v. Morizio, 759 F.2d 231, 236 (2d Cir. 1985))).

\* \* \*

Finally, billing judgment must be factored into the equation. Hensley, 461 U.S. at 434; DiFilippo, 759 F.2d at 235-36. If a court finds that the fee applicant's claim is excessive, or that time spent was wasteful or duplicative, it may decrease or disallow certain hours or, where the application for fees is voluminous, order an across-the-board percentage reduction in compensable hours. In re "Agent Orange" Products Liab. Litig., 818 F.2d 226, 237 (2d Cir. 1987) (stating that "in cases in which substantial numbers of voluminous fee petitions are filed, the district court has the authority to make across-the-board percentage cuts in hours 'as a practical means of trimming fat from a fee application'" (quoting Carey, 711 F.2d at 1146)); see also United States Football League v. National Football League, 887 F.2d 408, 415 (2d Cir. 1989) (approving a percentage reduction of total fee award to account for vagueness in documentation of certain time entries).

Santa Fe Natural Tobacco Co. v. Spitzer, 00 Civ. 7274 (LAP), 00 Civ. 7750 (LAP), 2002 WL 498631 at \*3 (S.D.N.Y. Mar. 29, 2002); accord Hensley v. Eckerhart, supra, 461 U.S. at 434.

B. Application of
the Foregoing Principles

Defendants' counsel, Morgan, Lewis & Bockius LLP ("Morgan, Lewis"), staffed the discovery dispute in this matter

with four attorneys, three paralegals and one "filing clerk."[2] Their positions and hourly rates[3] are as follows:

| Name | Position | 2015 Rate | 2016 Rate |
|---|---|---|---|
| David A. McManus | Partner, 24 years experience | $795.00 | $815.00 |
| Melissa D. Hill | Partner, 12 years experience | $625.00 | $645.00 |
| Suzanne Farer | Associate, 4 years experience | $400.00 | N/A |
| Chelsea L. Conanan | Associate, 3 years experience | $400.00 | $450.00 |
| Denise Dellaratta | Paralegal | $305.00 | N/A |
| Caroline Ball | Paralegal | $245.00 | N/A |
| J.K. Mickles | Paralegal | $205.00 | N/A |
| Charles M. Calvaruso | Filing Clerk | $265.00 | $270.00 |

---

[2] Counsel has not explained the nature of a filing clerk's duties. From a review of counsel's time records, the filing clerk was responsible for keeping track of filing deadlines (Hill Decl., Ex. A, Entry for 1/5/16).

[3] The work for which defendants seek fees bridged both 2015 and 2016. Defendants' counsel increased the hourly rates of some of its professionals and support staff in 2016. Accordingly, two rates are quoted for some of the attorneys and support staff who worked on the matter.

9

(Hill Decl. ¶ 7).[4] Defendants are seeking compensation for a total of 234.6 hours of attorney time and 3.9 hours of paralegal and filing clerk time (Hill Decl., Exs. A & B). The sum sought for the attorney time totals $113,029.00; the sum sought for the paralegal and filing clerk time totals $996.00 (Hill Decl., Ex. A).

1. Reasonable
   Hourly Rate

As the chart above indicates, defendants seek fees based on hourly rates ranging from $400.00 to $815.00 per hour for attorneys and $205.00 to $305.00 for the support staff who worked on this discovery dispute.

The range of appropriate fees for experienced civil rights and employment law litigators is between $250 and $600. Blake v. New York City Health & Hosps. Corp., 14 Civ. 3340

---

[4]Defendants did not provide the qualifications of the attorneys for whom fees are sought. This would normally warrant a reduction in their fees. See, e.g., Yea Kim v. 167 Nail Plaza, Inc., 05 Civ. 8560 (GBD)(GWG), 2009 WL 77876 at *9 (S.D.N.Y. Jan. 12, 2009) (Daniels, D.J.) (reducing attorney rates where no information was provided to the court regarding their backgrounds). Nonetheless, considering the circumstances of this case and the fact that the qualifications of each attorney can be found on the Internet, this omission plays a minimal role in my analysis.

Each attorney's years of experience is measured as of 2016, when counsel submitted their time records.

10

(JGK)(AJP), 2016 WL 6520067 at *5 (S.D.N.Y. Nov. 3, 2016) (Peck, M.J.) (collecting cases); Abdell v. City of New York, 05 Civ. 8453 (RJS), 2015 WL 898974 at *3 (S.D.N.Y. Mar. 2, 2015) (Sullivan, D.J.). "'[R]ates for associates have ranged from $200 to $350, with average awards increasing over time.'" Makinen v. City of New York, 11 Civ. 7535 (ALC)(AJP), 2016 WL 1451543 at *3 (S.D.N.Y. Apr. 12, 2016) (A. Carter, D.J.), quoting Abdell v. City of New York, supra, 2015 WL 898974 at *3.

Considering defendants' counsel's experience (and counsel's failure to provide it), along with the nature of the matter and my familiarity with the prevailing rates for litigators at a large New York law firm,[5] see Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1058-59 (2d Cir. 1989) (size of firm is relevant to determining prevailing market rate and "smaller firms may be subject to their own prevailing market rate"); Kahlil v. Original Old Homestead Rest., Inc., 657 F. Supp. 2d 470, 476 (S.D.N.Y. 2009) (Holwell, D.J.) (size of law firm is factor in determining reasonable hourly rate because of overhead costs), I find that reasonable hourly rates for the attorneys are as follows: $600 for Mr. McManus, $500 for Ms.

---

[5] Morgan, Lewis has over 2,000 professionals and numerous offices across Asia, Europe and North America. Morgan Lewis, About Us, https://www.morganlewis.com/our-firm/about-us (last visited Sept. 5, 2017).

Hill, $300 for Ms. Conanan and $300 for Ms. Farer. See Powell v. Metro One Loss Prevention Servs. Grp. (Guard Div. NY), Inc., 12 Civ. 4221 (LAP)(DF), 2015 WL 9287121 at *2-*4 (S.D.N.Y. Feb. 5, 2015) (Freeman, M.J.) (Report & Recommendation) (awarding $650 hourly rate to partner with more than 35 years of experience in employment law and $350 hourly rate to associate with 8 years of experience), adopted by, 2015 WL 9255338 (S.D.N.Y. Dec. 17, 2015) (Preska, D.J.); Clark v. Gotham Lasik, PLLC, 11 Civ. 1307 (LGS), 2013 WL 4437220 at *7 (S.D.N.Y. Aug. 20, 2013) (Schofield, D.J.) (awarding $500 hourly rate to partner with more than 15 years of experience in employment law and $275 hourly rate with associate with 4.5 years of experience).

With respect to the rates of the paralegals and filing clerk who worked on the matter, "this district typically awards rates not to exceed $200 per hour." Dimopoulou v. First Unum Life Ins. Co., 13 Civ. 7159 (ALC), 2017 WL 464430 at *3 (S.D.N.Y. Feb. 3, 2017) (A. Carter, D.J.); see TufAmerica Inc. v. Diamond, 12 Civ. 3529 (AJN), 2016 WL 1029553 at *6 (S.D.N.Y. Mar. 9, 2016) (Nathan, D.J.) ("Recent cases in this district suggest that the prevailing rate for paralegals is between $100 and $200 per hour."), reconsidered in part, 2016 WL 3866578 (S.D.N.Y. July 12, 2016) (Nathan, D.J.); Capitol Records, Inc. v. MP3tunes, LLC, 07 Civ. 9931 (WHP), 2015 WL 7271565 at *4 (S.D.N.Y. Nov. 12, 2015)

(Pauley, D.J.) (describing $200 hourly rate for non-attorney personnel as "the high end of rates typically approved in this District.").

Counsel has not provided the qualifications of the paralegals and filing clerk who worked on this matter. Accordingly, a reduction in their hourly rates is warranted.[6] See, e.g., Yea Kim v. 167 Nail Plaza, Inc., supra, 2009 WL 77876 at *9 (reducing paralegal rates where no information was provided to the court regarding their backgrounds); Tlacoapa v. Carregal, 386 F. Supp. 2d 362, 370 (S.D.N.Y. 2005) (Robinson, D.J.) (reducing paralegal rate where limited information was provided regarding paralegals' qualifications and the nature of their work). A reduction in the hourly rates is also warranted because the rates are too high. Thus, I find that a reasonable hourly rate for the paralegals and filing clerk is $125.00. See Regulatory Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC, 13 Civ. 2493 (KBF), 2014 WL 4792082 at *3 (S.D.N.Y. Sept. 24, 2014) (Forrest, D.J.) (reducing paralegals' hourly rate from between $195 and $255 to $125 because no information was provided regarding their expertise or experience; collecting cases awarding paralegals hourly rates close to $125).

---

[6] The qualifications of the support staff are not as accessible on the Internet as the attorneys' qualifications.

13

Applying the reduced hourly rates set forth above, defendants' fees incurred in preparing the motions resolved by the Opinion and Order and in opposing plaintiff's motion to compel equal $88,007.50. However, as explained below, a further reduction is justified for excessive hours.

2. Reasonable
Number of Hours

Defendants have submitted contemporaneous time records for all attorneys and support staff who worked on the discovery dispute that set forth the date on which services were performed, the hours spent and the nature of the work performed.

I have reviewed each of the entries in the time records, and I find that counsel spent an unreasonable number of hours preparing the motions for a protective order and for sanctions. Counsel spent approximately 100 hours drafting and revising the motion for a protective order and more than 65 hours drafting and revising the motion for sanctions. Even considering the scope of the underlying dispute and plaintiff's lengthy history of misconduct during discovery, these hours are unjustifiably high. See Local Union No. 40 of Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers v. Car-Win Constr. Inc., 88 F. Supp. 3d 250, 281-82 (S.D.N.Y. 2015) (Swain, D.J.) (35.4 hours researching and drafting motion for sanctions reasonable); Doe v.

14

Delta Airlines, Inc., 13 Civ. 6287 (PAE), 2015 WL 1840264 at *6 (S.D.N.Y. Apr. 21, 2015) (Engelmayer, D.J.) (23.5 hours in drafting and revising 15-page motion for sanctions reasonable); Eldesouky v. Aziz, 11 Civ. 6986 (JLC), 2015 WL 1573319 at *8 (S.D.N.Y. Apr. 8, 2015) (Cott, M.J.) (24 hours spent on motion for sanctions reasonable).

Accordingly, a further reduction of 30% in the fees defendants seek is warranted. See, e.g., Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona, 188 F. Supp. 3d 333, 344-45 (S.D.N.Y. 2016) (Karas, D.J.) (reducing fees by 30% because of excessive hours, among other things); see also Beastie Boys v. Monster Energy Co., 112 F. Supp. 3d 31, 57 (S.D.N.Y. 2015) (Engelmayer, D.J.) ("Fee reductions around 30% are . . . common in this District to reflect considerations of

whether work performed was necessary, leanly staffed, or properly billed.").[7] These adjustments yield the following remainder:

| | |
|---|---|
| Total Fees Sought | $114,025.00 |
| Fees After Reduction in Hourly Rates | $88,007.50 |
| 30% Adjustment | ($26,402.25) |
| Remainder | $61,605.25 |

---

[7]I also note that Ms. Hill block-billed some of her time entries (Hill Decl., Ex. A, Entries for 3/23/15, 3/27/15, 3/31/1-5, 4/8/15, 4/23/15, 4/28/15). Although "block-billing," "the practice of aggregating multiple tasks into one billing entry, is not prohibited, . . . [the practice] can make it exceedingly difficult for courts to assess the reasonableness of the hours billed." LV v. New York City Dep't of Educ., 700 F. Supp. 2d 510, 525 (S.D.N.Y. 2010) (Holwell, D.J.) (internal quotation marks omitted). "At the same time, block billing is most problematic where large amounts of time (e.g., five hours or more) are block billed" because it "meaningfully clouds a reviewer's ability to determine the projects on which significant legal hours were spent." Beastie Boys v. Monster Energy Co., supra, 112 F. Supp. 3d at 53; accord Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona, supra, 188 F. Supp. 3d at 343; Melgadejo v. S & D Fruits & Vegetables, Inc., supra, 2015 WL 10353140 at *28.

Here, all but one of Ms. Hill's block-billed entries were for less than five hours. Additionally, it is possible to evaluate the reasonableness of Ms. Hill's time in these entries, "even if it is impossible to reconstruct the precise amounts of time allocable to each specific task listed in the block entry." Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona, supra, 188 F. Supp. 3d at 343; see also United States ex rel. Fox Rx, Inc. v. Omnicare, Inc., 12 Civ. 275 (DLC), 2015 WL 1726474 at *3 (S.D.N.Y. Apr. 15, 2015) (Cote, D.J.) ("The use of block billing here is perfectly reasonable; the specific tasks in each block are described with sufficient detail and clarity to confirm the reasonableness of the work performed." (internal quotation marks omitted)). Therefore, a reduction on the basis of Ms. Hill's block-billing is unnecessary.

16

IV. Conclusion

For the foregoing reasons, defendants are awarded $61,605.25 in attorneys' fees.

Dated: New York, New York
September 5, 2017

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel of Record